**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**KATHLEEN CHAUVIN,**

       **Plaintiff,**        **CIVIL ACTION NO. 10-CV-11735**

  **VS.**                 **DISTRICT JUDGE ARTHUR J. TARNOW**

**STATE FARM MUTUAL**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**AUTOMOBILE INSURANCE**
**COMPANY,**

       **Defendant.**
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AS TO THE DEPOSITION DUCES TECUM OF PATRICIA PARR-ARMELAGOS (DOCKET NO. 9), GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANT EMPLOYEE PAT PARR-ARMELAGOS TO ANSWER DEPOSITIONS QUESTIONS (DOCKET NO. 21) AND DENYING DEFENDANT'S MOTION TO TERMINATE DEPOSITION PURSUANT TO FRCP 30 (DOCKET NO. 33)**

This matter comes before the Court on three motions related to the same deposition. The first is Defendant State Farm Automobile Insurance Company's Motion For A Protective Order As To The Deposition Duces Tecum Of Patricia Parr-Armelagos And Brief In Support filed on October 5, 2010. (Docket no. 9). Plaintiff filed a Response on October 19, 2010. (Docket no. 12). Defendant filed a Reply on October 27, 2010. (Docket no. 17).

The second motion is Plaintiff's Motion To Compel Defendant Employee Pat Parr-Armelagos To Answer Depositions (sic) Questions filed on October 29, 2010. (Docket no. 21). Defendant filed a Response on November 23, 2010. (Docket no. 32). Plaintiff filed a Reply on November 24, 2010. (Docket no. 34). The parties filed a Joint Statement of Unresolved Issues on January 31, 2011. (Docket no. 57).

The third motion is Defendant's Motion To Terminate Deposition Pursuant to FRCP 30 filed on November 23, 2010. (Docket no. 33). Plaintiff filed a Response to this Motion, also serving as the Reply to Plaintiff's Motion To Compel (docket no. 21) on November 24, 2010. (Docket no. 34). In this instance the Court will allow the document at docket no. 34 to function as both the Reply and a Response because the issues are the same and Plaintiff has clearly identified it as such in the caption. The parties filed a Joint Statement of Unresolved Issues on January 31, 2011. (Docket no. 59). The matters were referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 14, 35). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The issue of the Parr-Armelagos Deposition is fully briefed and the motions are now ready for ruling.

Plaintiff, the guardian and conservator of Joseph Chauvin, brings this action seeking to recover attendant care benefits pursuant to Michigan's No-Fault Act. Plaintiff argues that her ward, Joseph Chauvin was insured by Defendant when he was involved in a June 22, 1993 automobile accident in which he sustained injuries. The parties have filed many discovery motions in this matter. Herein the Court rules on three motions involving the Deposition of Patricia Parr-Armelagos, a State Farm employee.

**A.  Defendant's Motion For A Protective Order As To The Deposition Duces Tecum Of Patricia Parr-Armelagos (Docket no. 9)**

Plaintiff served a Re-Notice of Taking Video Deposition *Duces Tecum* on deponent Pat Parr-Armelagos ("Deponent") on September 21, 2010. (Docket no. 9-2). The Re-Notice asks the Deponent to produce at deposition five categories of information: The first four categories are documents and the fifth is her laptop computer. (Docket no. 9-2). Defendant objects to category nos. 2 through 5 in the Re-Notice. (Docket no. 9 p. 12 of 27).

Defendant is seeking a protective order pursuant to Fed. R. Civ. P. 26(c) and 34(b). For good cause shown, the court may issue an order to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Good cause is established with "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and [the moving party] cannot rely on mere conclusory statements." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)); *Underwood v. Riverview of Ann Arbor*, 2008 WL 5235992, slip op. at *2 (E.D.Mich. Dec. 15, 2008).

1.      **"Advancing Claims Excellence" (ACE) Documents**

Category or paragraph no. 2 of the Re-Notice of Deposition asks for specific Michigan Advancing Claims Excellence (ACE) file documents. Defendant argues that these documents "were generated as part of a self-critical audit of various automobile claim files, handled exclusively by State Farm's Michigan Region." (Docket no. 9 p. 15 of 27). Defendant alleges that the survey was conducted between late 1995 and 1997 and that nearly all closed auto claim files were eligible as long as the total indemnity payout was less than $250,000.000 and the file was "completely closed at the time of selection." (Docket no. 9 p. 16). Defendant argues that Plaintiff's file did not meet either requirement: Plaintiff's claim was never a closed claim and it has exceeded payments of $250,000. Plaintiff does not dispute either fact.

Plaintiff argues that the ACE documents are relevant to Plaintiff's claims including those relating to the handling of Plaintiff's claims and any defense that Defendant did not receive reasonable proof of the fact of Plaintiff's insurance claim and they are related to adjusting practices, reasons for denial and the decision making process. The Court agrees and finds that the documents

3

are relevant and the scope of Plaintiff's request is limited. Fed. R. Civ. P. 26(b)(1); *see also Morales v. State Farm Mut. Auto Ins. Co.*, 761 N.W.2d 454, 461 (Mich. App. 2008) (claims-handling evidence was "relevant to facts that were of consequence to the action, whether plaintiff provided defendant reasonable proof of the fact and amount of the loss sustained for purpose of penalty interest under MCL 500.3142(2)" and relevant to "whether plaintiff's claim was denied because it was not causally related to the accident (defendant's position) or because it was a valid claim that was not handled fairly (plaintiff's theory).")

Defendant also argues that the documents are subject to the self-evaluative privilege and should be protected from disclosure pursuant to Fed. R. Civ. P. 26(c). The Court finds that the ACE documents are not subject to the Insurers Compliance Self-Evaluative Audit Privilege, Mich. Comp. Laws Ann. § 500.221. Section 500.221(13)(d), Mich. Comp. Laws Ann., excepts from the privilege "[d]ocuments, communication, data, reports, memoranda, drawings, photographs, exhibits, computer records, maps, charts, graphs, and surveys kept or prepared in the ordinary course of business." The Court finds instructive *Crump v. State Farm Mutual Automobile Ins. Co.*, 2005 WL 3303978, Docket no. 256558, n.2. (Mich. App. Dec. 6, 2005), in which the Michigan Court of Appeals noted in *dictum* that although the trial court had found that the ACE documents were privileged, the ACE documents appeared to have been created

> [D]uring an internal review of State Farm's catastrophic claims handling procedures for purely business reasons: to improve employee efficiency and cost effectiveness. These documents do not appear to fall within the plain requirements of the self-evaluative privilege, MCL 500.221, which applies to documents prepared 'for the purpose of identifying or preventing noncompliance with laws, regulations, orders or industry or professional standards.'

*Crump*, 2005 WL 3303978 n.2; *see also Van Emon v. State Farm Mutual Automobile Ins., Co.*, 2008 WL 205243 (E.D. Mich. Jan. 24, 2008) ("whether or not the ACE initiatives were applied to Plaintiff's case is a proper subject of discovery").

Defendant makes the general allegation that these records, if disclosed to the general public, "may result in annoyance to State Farm, oppression, undue burden or expense by revealing proprietary information, trade secrets or confidential research, development or commercial information not available to the general public including Defendant's competitors." (Docket no. 9 p. 20 of 27). Defendant also argues it its Reply that the documents "are clearly of a corporate nature, and involve the review of other individuals claims (closed files)." Defendant's statements mostly parrot Rule 26(c), Fed. R Civ. P., and Defendant fails to support these speculative allegations with facts or otherwise show the good cause required for a protective order to issue. Defendant also argues that Plaintiff should not be allowed to use these materials in other cases. Defendant fails to show or allege the "clearly defined and serious" injury necessary for a protective order to issue in this instance. The Court will deny Defendant's Motion To Compel with respect to the twenty-one ACE documents identified in Plaintiff's Re-Notice of Deposition.

### 2.     Institutional Training Documents

Plaintiff's Notice of Deposition paragraph No. 3 asks for specific Auto Claim Manual Sections identified by BATES number and Claim Manual section title and also asks for "[a]ny and all memorandum, letters or documents of any kind that were issued by anyone at State Farm that relate in any way to the ACM guidelines relating to the use of reports prepared by doctors hired by State Farm in the State of Michigan and as testified to by Pat Parr-Armelagos in the trial of *Villaflor v. State Farm*, Case No. 07-13939." (Docket no. 9-2).

Plaintiff argues that the Auto Claim Manual sections are relevant for the same reasons the ACE documents are relevant. The Court agrees for the reasons set forth with respect to the ACE documents above. Similarly, Defendant has not alleged any reasons for seeking a protective order for this material other than relevance and has not met the good cause requirement as set forth above with respect to the ACE documents. The Court will deny Defendant's Motion (docket no. 9) as to this request.

### 3. Data Regarding Attendant Care Rate For All Claims

Plaintiff's Re-Notice of Taking Video Deposition *Duces Tecum*, paragraph no. 4 asks Parr-Armelagos to produce at her deposition "[a]ny and all documents or data utilized by State Farm to determine the value of attendant care whether or not utilized in this claim including ***all underlying data*** in support of the documents utilized." (Docket no. 9-2). The Court finds the information sought is relevant in part yet the request is overly broad as to "all claims" without any limitations to claims similar to Plaintiff's. Fed. R. Civ. P. 26(b)(1). The Court will grant Defendant's motion in part and Defendant shall produce any and all documents or data utilized by State Farm at any time to determine the value of attendant care benefits *in this claim* including underlying supporting data in support of the documents utilized. Production of the utilized documents will be in full and not limited to only those sections or portions of a document selected for *this claim*. Defendant has not shown good cause to produce this information pursuant to a protective order.

### 4. Ms. Parr-Armelagos's Laptop Computer

Plaintiff's Re-Notice of Taking Video Deposition *Duces Tecum*, paragraph no. 5 asks Ms. Parr-Armelagos to produce her "State Farm laptop computer to allow for access to State Farm databases, intranet pages and other documents and data electronically stored by State Farm."

(Docket no. 9-2). Plaintiff's argument that the laptop is necessary relies on allegations that these parties do not operate with a clean slate between them and that Defendant's "conduct in prior litigation between the parties cannot be ignored." (Docket no. 12 p. 15 of 25). Plaintiff also argues that "in the last claim this supervisor put a 'lock' on the claim preventing State Farm personnel from utilizing the adjuster log notes" and that it is unknown if the lock remains, whether State Farm personnel have been prevented from using the log notes and "raises questions regarding the integrity of the claim file." (Docket no. 12 p. 15 of 25). Plaintiff also questions the integrity of the ACE documents. Plaintiff argues that with the laptop "if additional documents are mentioned or available to those persons making decisions on the claim then they can be reviewed by State Farm's counsel and either produced or minimally, identified and the proper objection raised."

Given the contentious history between the parties and the laundry list of discovery motions pending before this Court, the Court is without the depth of imagination and unbridled optimism necessary to adopt Plaintiff's view that the laptop's presence at the deposition will result in the efficient and helpful production of a litany of documents heretofore neither identified nor requested. The more likely scenario is that real-time requests from Plaintiff to "print" and "produce" documents referenced during the deposition or requests to otherwise access the laptop would bring the deposition to a screeching halt. Without providing any further limiting scope, Plaintiff has not met the relevance standard set forth in Fed. R. Civ. P. 26(b)(1) to require the production of the laptop. Defendant's motion for protective order will be granted as to the laptop.

**B.     Plaintiff's Motion To Compel Defendant Employee Pat Parr-Armelagos To Answer Depositions Questions (Docket no. 21) and Defendant's Motion To Terminate Deposition Pursuant To FRCP 30 (Docket no. 33)**

Plaintiff moves to continue the deposition of Pat Parr-Armelagos. (Docket no. 21). Plaintiff alleges that Defendant's counsel objected to a question at the deposition and terminated the deposition. Ms. Parr-Armelagos appeared for deposition on October 19, 2010 and her deposition was undertaken at that time. (Docket no. 21-2, 21-3). The issue is not whether Ms. Parr-Armelagos can be deposed or the sufficiency of the deposition notice. Although Defendant had pending at that time its Motion for Protective Order (docket no. 9), the subjects of that motion were the three document requests and the request for laptop addressed above.

Plaintiff alleges that he was asking Ms. Parr-Armelagos about "basic adjusting practices" and claims handling practices. As the Court determined above with respect to Defendant's Motion (docket no. 9), these issues are relevant to the claims and defenses in this action. The Court does not find persuasive Defendant's allegations that Ms. Parr-Armelagos had "limited to no involvement" in Plaintiff's claim. (Docket no. 32 p. 4 of 16). Plaintiff has shown that in at least one discovery response Ms. Parr-Armelagos was identified as a person who made or participated in a decision regarding the payment or denial of insurance benefits for Joseph Chauvin. (Docket no. 21 p. 9 of 16).

The Court will grant Plaintiff's motion in part and order the deposition of Ms. Parr-Armelagos to go forward, with Ms. Parr-Armelagos to answer the questions at issue in Plaintiff's Motion to Compel (docket no. 21) and continue the deposition to further address those topics set forth above to which the Court denied Defendant's Motion for Protective Order. (Docket no. 9). Plaintiff's request for sanctions will be denied without prejudice.

The Court has reviewed the deposition transcript and finds that Plaintiff's counsel's questioning was not in "bad faith or in a manner that annoys, embarrasses, or oppresses the opponent

or party" and did not violate Rule 30(d)(3) or the Civility Principles (Administrative Order No. 08-AO-009). Defendant has mischaracterized what it terms as the repeated asking of questions, where, in fact, the deponent had not yet provided an answer to the question. *See, e.g.,* Parr-Armelagos Dep. p. 32, line 22-23. Some questions were asked more than once as Defendant's counsel provided objections to which Plaintiff's counsel responded, thus sidelining the actual answering of many of these questions. Further, Defendant has mischaracterized Plaintiff's questioning as to whether Defendant "abides by jury decisions," which was asked initially in direct relation to Plaintiff's claim and prior trial. Testimony was developed with follow-up questions which the witness refused to answer. For these reasons, the Court will deny Defendant's Motion To Terminate Deposition Pursuant To FRCP 30 (docket no. 33).

The Court will make no award of attorneys fees in these matters. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

**IT IS THEREFORE ORDERED** that Defendant's Motion For Protective Order As To The Deposition Duces Tecum Of Patricia Parr-Armelagos And Brief In Support (docket no. 9) is **GRANTED** in part as to the following:

1. Defendant shall produce within 21 days of entry of this Order documents identified and/or described in Plaintiff's Re-Notice of Taking Video Deposition *Duces Tecum* (docket no. 9-2) paragraph no. 4 but limited to those documents and data utilized in Plaintiff's claim, as set forth above; and

2. Plaintiff's request in Plaintiff's Re-Notice of Taking Video Deposition *Duces Tecum* (docket no. 9-2) paragraph no. 5 that Ms. Parr-Armelagos produce her laptop

computer at the deposition is overly broad and not limited to relevant information and is therefore stricken. Fed. R. Civ. P. 26(b), (c).

**IT IS FURTHER ORDERED** that the remainder of Defendant's Motion For Protective Order As To The Deposition Duces Tecum Of Patricia Parr-Armelagos And Brief In Support (docket no. 9) is **DENIED** and Defendant shall produce within 21 days of entry of this Order documents identified and/or described in Plaintiff's Re-Notice of Taking Video Deposition *Duces Tecum* (docket no. 9-2) paragraph nos. 2 and 3 as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Compel Defendant Employee Pat Parr-Armelagos To Answer Depositions Questions (docket no. 21) is **GRANTED** in part and Ms. Parr-Armelagos's deposition will be continued and completed on a mutually convenient date within 30 days of entry of this order as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's request for sanctions in Plaintiff's Motion To Compel Defendant Employee Pat Parr-Armelagos To Answer Depositions Questions (docket no. 21) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion To Terminate Deposition Pursuant to FRCP 30 (docket no. 33) is **DENIED**.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: May 11, 2011                    s/ Mona K. Majzoub
                                               MONA K. MAJZOUB
                                               UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: May 11, 2011                    s/ Lisa C. Bartlett
                                               Case Manager