UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN CHAUVIN,

        Plaintiff,        CIVIL ACTION NO. 10-CV-11735

 VS.                    DISTRICT JUDGE ARTHUR J. TARNOW

STATE FARM MUTUAL     MAGISTRATE JUDGE MONA K. MAJZOUB
AUTOMOBILE INSURANCE
COMPANY,

        Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (RE: ATTENDANT CARE DOCUMENTATION) (DOCKET NO. 11)**

This matter comes before the Court on Defendant's Motion To Compel Responses To Defendant's First Request For Production of Documents (Re: Attendant Care Documentation) filed on October 13, 2010. (Docket no. 11). Plaintiff filed a Response on October 27, 2010. (Docket no. 18). The parties filed a Joint Statement of Unresolved Issues on January 31, 2011. (Docket no. 55). The matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 35). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The issue being fully briefed the motion is ready for ruling.

Plaintiff, the guardian and conservator of Joseph Chauvin, brings this action seeking to recover attendant care benefits pursuant to Michigan's No-Fault Act. Plaintiff argues that her ward, Joseph Chauvin, was insured by Defendant when he was involved in a June 22, 1993 automobile accident in which he sustained injuries.

Defendant served a First Request For Production of Documents on Plaintiff [1] and Plaintiff served answers and responses on September 25, 2010. Defendant seeks to compel the production of documents identified in Request For Production No. 2: "Please produce any notes made by any attendant care provider that document attendant care services provided by you." (Docket no. 11-2). Plaintiff responded by stating "Objection. This information sought is protected by the attorney client privilege and the attorney work product doctrine." (Docket no. 11-2).

When Plaintiff sought reimbursement from Defendant for attendant care services, Plaintiff submitted "forms" which are tables containing the following information: Day of the Week, Date, "Specific Description of Services Performed" (with a note to "Please see attached"), amount of time required and "charge" (with a note to "Please reference attached report"). (Docket no. 11-3). Plaintiff also submitted calendars that identify by date the attendant care provider and the number of total hours for that provider. (Docket no. 11-3). Finally, Plaintiff produced the "Description of Attendant Care Services provided to Joseph Chauvin" which is a five paragraph narrative of general services, support and behavioral and medical monitoring, among other services, provided to Joseph Chauvin, without reference to specific tasks, dates or times. (Docket no. 11-3).

Plaintiff produced her deposition testimony which supports Defendant's allegation that the information in these forms was based on notes taken by Plaintiff since April 2009 which Plaintiff "turns in to" her attorney's office every month. (Docket no 18-4 Chauvin Dep. p. 37 at 4-8). It is these notes which are sought by Defendant's motion. The documents are described by Defendant as "contemporaneous notes kept by Mrs. Chauvin, and any other family member who provided

---

[1] Any argument that Plaintiff's responses to this discovery was tardy is unsupported by the record where Defendant failed to provide proof of a date of service (or even allege a date of service), but only provided Plaintiff's responses with its discovery. (Docket no. 11 p. 8 of 16).

attendant care, . . ." (Docket no. 11). Mrs. Chauvin's deposition testimony supports this characterization of the notes. Plaintiff testified to the following about the notes:

> [W]hat I put on there are the times that he's with me or Daryl or possibly Steven, . . . and what we've done for him or what situations we've dealt with that day or what case management things I've done for him and the time that I've done that, or . . if he's had outbursts or I've had to take him to the emergency room, that's documented, if I had taken him for testing, that's documented. Just his daily activities and what I provide to him. . . . " (Docket no. 18-4, pp. 37 at 16-25, 38 at 1).

The Court finds that the notes made of attendant care provided to Joseph Chauvin are relevant to the claims for attendant care in this action. Fed. R. Civ. P. 26(b)(1). From both Plaintiff's and Defendant's descriptions of the notes, the notes may contain more concise descriptions of the services performed than those descriptions contained in the forms which were submitted to Defendant and which appear at docket nos. 11-3 and 18-3. According to Plaintiff's testimony, the notes may show the exact date on which certain services were performed, for example trips to the emergency room or for testing and managing or responding to outbursts. A finding that such information is relevant to these claims and defenses is also consistent with similar cases in this Court. *See Watson v. State Farm Mut. Automobile Ins. Co.*, No. 2:09-cv-12573 (E.D. Mich. Apr. 14, 2010) ("The gravamen of the litigation is whether the attendant care services were reasonable and necessary and, if so, the appropriate compensation for such services. Clearly data associated with the provision of those services is either admissible evidence or could reasonably lead to admissible evidence on that issue . . . .").

Plaintiff argues that the notes are protected by the attorney-client privilege and are also protected as attorney work product. "In a diversity case, the court applies federal law to resolve work product claims and state law to resolve attorney-client claims." *In re Powerhouse Licensing,*

*LLC*, 441 F.3d 467, 472 (6th Cir. 2006). Under Michigan law, the scope of the attorney-client privilege is narrow, "it attaches only to confidential communications by the client to its advisor that are made for the purpose of obtaining legal advice." *Fruehauf Trailer Corp v. Hagelthorn*, 528 N.W.2d 778, 780 (Mich. App. 1995). Once a showing is made that the documents in question are relevant, the burden to show that the documents are not discoverable because they are encompassed within a privilege shifts to the party asserting the privilege. *Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303, 306 (E.D. Mich. 2000).

Defendant argues that Plaintiff waived its privilege as to these notes by filing with Defendant the forms utilizing the information in the notes and Plaintiff addresses this argument throughout its brief. The Court need not reach the issue of whether Plaintiff has waived the attorney-client privilege. The Court must first consider whether Plaintiff has met her burden to show that the requested information is encompassed within the attorney-client privilege.

Plaintiff alleges that she "provides information to her attorneys seeking legal advice relating to her rights and the rights of her ward relative to claims for attendant care benefits. These privileged communications have the potential to fall within State Farm's request for documents requesting '*any* notes made by any attendant care provider that document attendant care services provided to you.'" (Docket no. 18 p. 13 of 21). Plaintiff in her brief alleges that she

> [C]ommunicates with her attorneys at the request of counsel and with the specific purpose of providing information by which her attorneys provide legal advice regarding State Farm's failure to provide attendant care documents. This communication was made with the expectation that it was privileged and was not intended for State Farm insurance or any other person other than her lawyers."
> (Docket no. 18 p. 13 of 21).

Rule 26(b)(5)(A) requires a party that withholds "information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material" to

"expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). As Defendant pointed out, this was not done. No privilege log was produced. Plaintiff argues that Defendant's "claim regarding a privilege log is disingenuous and troubling because the attorneys specifically discussed the privilege before the deposition of Ms. Chauvin" and that the attorneys understood that the privilege and work produce doctrine were raised and that the issue would be decided through motion practice. (Docket no. 18 p. 15 of 21).

For several reasons, the Court finds that the notes in question, as described in the deposition, are discoverable. First, there is no privilege log. There is simply no description of the notes on which the Court can base a finding of privilege. Plaintiff has not explained whether she seeks to protect two documents or two hundred, to whom they were addressed and distributed, in what format, whether she claims a privilege to some or all of the information on every page and so on. "Mere assertions are insufficient to establish a claim that the documents were created for the purpose of legal advice, and therefore privileged." *See State Farm Mutual Automobile Insurance Co. v. Hawkins*, No. 08-cv-10367, 2008 WL 5383855 at *3 (E.D. Mich. Dec. 23, 2008) (Plaintiff insurer moved the Court to compel Defendant to answer questions at deposition about knowledge of facts underlying information contained in records of attendant care services which Defendant provided to insured .).

Furthermore, the attorney-client privilege "extends only to communications, and not to facts." *Fruehauf Trailer Corp.*, 528 N.W.2d at 781. "Thus, a client may not be compelled to reveal what it said or wrote to its attorney, but it may not refuse to disclose any relevant fact within its

5

knowledge merely because it incorporated a statement of that fact into its communication to the attorney." *Id.* Plaintiff's description of this information in the deposition is that the notes are a record of the attendant care services provided to Joseph Chauvin, which were submitted to Plaintiff's counsel's office and from which Plaintiff, her counsel and people in counsel's office put together the forms to request Attendant Care Services. (Docket no. 18-4, K. Chauvin Dep. pp. 34-38). Plaintiff's brief alleges a component of seeking legal advice without any further explanation.

Despite Plaintiff's allegation that the notes were created in anticipation of litigation and for her attorney to advise her on attendant care issues, it is not at all clear that the overriding purpose of the notes was not simply to create a record of attendant care services for which Plaintiff would seek reimbursement from Defendant, by translating the notes into the format which Defendant required for submission of such claims. *Cf. Leibel v. General Motors Corp.*, 646 N.W.2d 179, 185 (Mich. App. 2002)(Finding attorney-client privilege and noting that "[w]hile the Toth Memo contains certain factual statements, it is clear that the overriding basis for and content of the memorandum concerns legal advice for seatback safety and potential litigation rather than mere facts or technical data concerning GM seatbacks."). The Court finds that Plaintiff has not met the burden to show that the notes she took since April 2009 as described in her deposition and which contain notes about the services which she, Daryl and Steven have provided to Joseph Chauvin are attorney-client privileged.

Plaintiff's argument that the notes are subject to the work-product doctrine is similarly deficient. Rule 26(b)(3), Fed. R. Civ. P., protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representatives (including the other party's attorney, . . . ), unless they are otherwise discoverable under Rule

6

26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A).  "If the court orders discovery of those materials, it must protect against the disclosure of the mental impressions, conclusions, opinions or legal theories of a party's attorney or other representative concerning the litigation."  Fed. R. Civ. P. 26(b)(3)(B).  "Factual work product receives less protection than work product that reveals the opinions, judgments, and thought processes of counsel." *Leibel v. General Motors Corp.*, 646 N.W.2d 179, 185 (Mich. App. 2002) (citing *Messenger v. Ingham County Prosecutor*, 591 N.W.2d 393, 397 (Mich. App. 1998)).

It is not clear that the notes at issue contain any mental impressions, opinions, legal theories or any comments by Plaintiff's attorney.  Any such information would not be responsive to Defendant's Request For Production No. 2 which asks for notes "made by any attendant care provider," which, presumably, does not include Plaintiff's counsel.

Plaintiff has not met her burden to show that the notes responsive to Defendant's Request For Production No. 2 (docket no. 11-2, p. 4 of 6) are encompassed by the attorney-client privilege or attorney work-product doctrine.  The Court will order Plaintiff to produce the notes.  If any such attorney impressions, opinions or theories appear on the requested notes, Plaintiff will redact such information and produce a *detailed* privilege log in accordance with Fed. R. Civ. P. 26(b)(5)(A)(ii) which identifies each page on which a redaction occurs, the precise privilege or protection which is being claimed as to that redaction, the author of the redacted portions, the date, all recipients of the document and any other information which will aid the Court and Defendant in determining whether a privilege applies.

The Court will make no award of attorneys fees in this matter. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Responses To Defendant's First Request For Production Of Documents (Re: Attendant Care Documentation) (docket no. 11) is **GRANTED** in part and denied in part and Plaintiff will produce all notes responsive to Defendant's Request For Production No. 2 (docket no. 11-2 p. 4 of 6) within 21 days of entry of this Order. Plaintiff will redact attorney impressions, opinions and theories which appear with the notes as set forth above and produce a privilege log with the documents in accordance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: May 16 2011         s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: May 16, 2011         s/ Lisa C. Bartlett
                            Case Manager