UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN CHAUVIN,

        Plaintiff,        CIVIL ACTION NO. 10-CV-11735

 VS.        DISTRICT JUDGE ARTHUR J. TARNOW

STATE FARM MUTUAL        MAGISTRATE JUDGE MONA K. MAJZOUB
AUTOMOBILE INSURANCE
COMPANY,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL AND AWARDING COSTS TO PLAINTIFF (DOCKET NO. 19)**

This matter comes before the Court on Defendant's Motion To Compel Discovery filed on October 27, 2010. (Docket no. 19). Plaintiff filed a Response on November 10, 2010. (Docket no. 24). Defendant filed a Reply on November 17, 2010. (Docket no. 29). The parties filed a Joint Statement of Unresolved Issues on January 31, 2011. (Docket no. 56). The matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 35). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The issue being fully briefed the motion is ready for ruling.

Plaintiff, the guardian and conservator of Joseph Chauvin, brings this action seeking to recover attendant care benefits pursuant to Michigan's No-Fault Act. Plaintiff argues that her ward, Joseph Chauvin, was insured by Defendant when he was involved in a June 22, 1993 automobile accident in which he sustained injuries.

Defendant's motion seeks to compel Plaintiff to provide "an email address and password for Defendant to examine Mr. Chauvin's Facebook account" and "print-outs of any and all activity of Joseph Chauvin on Facebook." (Docket no. 19). Defendant requested this information and the print-outs in Defendant's First Set of Interrogatories and First Request to Produce to Plaintiff. (Docket no. 19-2). Interrogatory No. 4 asks for the "username, email address and password for Plaintiff Joseph Chauvin's Facebook.com account." (Docket no. 19-2). Interrogatory No. 5 asks Plaintiff to "list the name, address and telephone number of each "friend" on Joseph Chauvin's Facebook.com account." (Docket no. 19, 19-2). Request for Production No. 3 asks Plaintiff to "produce all Facebook.com account information for Joe Chauvin, including, but not limited to, all photographs, messages, status posts, wall posts, comments, groups, and group memberships." (Docket no. 19-2).

The Court has considered the parties' arguments, pleadings and exhibits in full. Defendant has not shown that the information is relevant or reasonably calculated to lead to the discovery of admissible information. Fed. R. Civ. P. 26(b)(1). First, as Plaintiff points out, Defendant initially denied benefits on its stated basis that Mr. Chauvin's current condition and medical needs are unrelated to the 1993 accident. In her Response brief Plaintiff included an excerpt of Defendant's denial letter, which supports Plaintiff's argument by stating that Defendant is "denying all future psychiatric related treatment as not causally related to the motor vehicle accident of June 22, 1993" and based on Dr. Jackson's opinion that Mr. Chauvin "has reached maximum medical improvement related to any residual symptoms stemming from his closed head injury." (Docket no. 24 p. 5). Plaintiff correctly points out that the denial of benefits did not question Mr. Chauvin's limitations, deficits or need for care.

2

Defendant has not shown how Mr. Chauvin's Facebook posts are relevant to the argument that his current needs and condition are not related to his accident. By the mend the hold doctrine, Defendant is estopped from seeking additional grounds to deny Plaintiff's claim after it has made its denial decision. *C.E. Tackels, Inc. v. Fantin,* 67 N.W.2d 71, 74 (Mich. 1954); *J.C. Wyckoff & Associates v. Standard Fire Insurance Co.*, 936 F.2d 1474, 1489 (6th Cir. 1991) (acknowledging that "ordinarily, a denial of liability on specified grounds constitutes a waiver and estoppel of other defenses" and allowing insurer to plead additional counts of fraud where fraud was alleged in the denial letter).

Even if the Court were not to consider the mend the hold doctrine, the Court also agrees with Plaintiff that the Facebook information sought is outside the information contemplated by Michigan's No Fault Act, which limits discovery to "facts about an injured person's earnings or about his history, condition, treatment and dates and costs of treatment." Mich. Comp. Laws Ann. § 500.3159. Under Mich. Comp. Laws Ann. section 500.3159 the Court, "in order to protect against annoyance, embarrassment or oppression, as justice requires, may enter an order refusing discovery or specifying conditions of discovery and may order payments of costs and expenses . . . , as justice requires." Mich. Comp. Laws Ann. § 500.3159.

With a full understanding of the networking and information sharing functions of Facebook, the Court concludes that on these specific facts, the Facebook information is not relevant and is not likely to make any disputed fact more or less likely, despite Defendant's argument that Mr. Chauvin's Facebook posts will likely contain information about his daily activities and "his thoughts." (Docket no. 19). None of the cases cited by Defendant for the premise that Facebook information is discoverable has facts or issues comparable to this action. *Copeland v. Mitchell*, 2010

3

WL 3062249 (Mich. App. Aug. 5, 2010) (child custody dispute, relevance and discovery of MySpace page not at issue but merely referenced as evidence); *In re Berry/Spencer*, 2010 WL 3564737 (Mich. App. Sept. 14, 2010) (termination of parental rights, relevance and discovery of MySpace page not at issue, but photos on MySpace referenced as evidence); and *People v. Liceaga*, 2009 WL 186229 (Mich. App. Jan. 27, 2009) (trial court admitted a MySpace photo of criminal defendant). None of the cases involve the Michigan No Fault Act or the denial of benefits of an insured. Furthermore, any possible relevant information which could be gleaned through Facebook information is available to Defendant through less intrusive, less annoying and less speculative means than this. Such unfettered access to Mr. Chauvin's Facebook account and Facebook "friends" on the claims and defenses raised in this action amounts to a fishing expedition at best and harassment at worst.

Defendant has not argued or shown any relevance to seeking the name, address and telephone number for each of Mr. Chauvin's Facebook "friends." In fact, the interrogatory seeks information so far outside the realm of discoverable information pursuant to Fed. R. Civ. P. 26(b)(1), that the Court must conclude that the interrogatory was designed to intimidate and harass Plaintiff and as such will be denied. The Court is familiar with Facebook's networking feature of adding "friends." Defendant's Interrogatory No. 5 is akin to a request asking for the name and contact information for all persons with whom Mr. Chauvin has come into contact with no reasonable basis for believing any of them have first-hand knowledge of the facts at issue in this action. Such an interrogatory would be absurd and overly-broad in the extreme. For all of these reasons, the Court will deny Defendant's Motion to Compel and award Plaintiff its costs in defending against this Motion pursuant to Fed. R. Civ. P. 37(a)(5).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Discovery (docket no. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant shall pay Plaintiff's reasonable expenses incurred in opposing this motion.  Fed. R. Civ. P. 37(a)(5)(B). Plaintiff shall file and serve within fourteen (14) days of entry of this Order a summary of her reasonable expenses including attorneys fees incurred in opposing Defendant's Motion to Compel (docket no. 19) including all necessary supporting documentation for determining the reasonableness of the fees and costs, including but not limited to fee per hour, affidavit(s) of attorney(s) regarding work activities performed and the time spent on each activity.

**IT IS FURTHER ORDERED** that Defendant will have ten (10) days from service of Plaintiff's summary of expenses to serve and file a response.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 21, 2011                s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: June 21, 2011                s/ Lisa C. Bartlett
                                    Case Manager