UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN CHAUVIN,

       Plaintiff,         CIVIL ACTION NO. 10-CV-11735

 VS.                            DISTRICT JUDGE ARTHUR J. TARNOW

STATE FARM MUTUAL        MAGISTRATE JUDGE MONA K. MAJZOUB
AUTOMOBILE INSURANCE
COMPANY,

       Defendant.
                              /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO F.R.CIV.P (sic) 26(c) (DOCKET NO. 20)**

This matter comes before the Court on Defendant's Motion For A Protective Order Pursuant To F.R.Civ.P. 26(c) filed on October 29, 2010. (Docket no. 20). Plaintiff filed a Response on November 15, 2010. (Docket no. 27). The matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 35). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The matter is fully briefed and the motion is ready for ruling.

Plaintiff, the guardian and conservator of Joseph Chauvin, brings this action seeking to recover attendant care benefits pursuant to Michigan's No-Fault Act. Plaintiff argues that her ward, Joseph Chauvin was insured by Defendant when he was involved in a June 22, 1993 automobile accident in which he sustained injuries.

Defendant is seeking a protective order pursuant to Fed. R. Civ. P. 26(c) for the depositions of two doctors. On December 7, 2009, Dr. Richard Jackson performed an independent psychiatric examination of Mr. Chauvin at Defendant's request. (Docket no. 20 ¶ 3). On February 16, 2010 Dr. Brian Kirschner performed an independent medical examination of Mr. Chauvin at Defendant's

request.  (Docket no. 20 ¶ 4).  Plaintiff served a Notice of Taking Video Deposition *Duces Tecum* for each of the doctors.  (Docket nos. 20-2, 20-3).  Defendant seeks a protective order for seven categories of documents requested from Dr. Jackson (sections f-l) and four categories of documents sought from Dr. Kirschner (sections f-i).  (Docket nos. 20-2, 20-3). Defendant argues that Plaintiff's counsel did not notice the doctors as adverse witnesses, objects that the categories are overly broad, unduly burdensome and outside the scope of relevant information and ultimately "is simply requesting that Plaintiff play by the rules regarding expert witnesses as outlined by" Rule 26(a)(2), Fed. R. Civ. P.  (Docket no. 20).  Defendant identifies these physicians as its expert witnesses where it specifically asks the Court to apply "subrule A" of Fed. R. Civ. P. 26.  Defendant asks the Court to "strike the Plaintiff's deposition notice *duces tecum* on all matters with the exception of . . . those matters permitted under Federal Rules of Civil Procedure 26(a)(2)." (Docket no. 20 p. 7 of 8).

A party "may obtain discovery of any nonprivileged matter relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  For good cause shown, the court may issue an order to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Good cause is established with "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and [the moving party] cannot rely on mere conclusory statements." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)).  Federal Rule of Civil Procedure 26(a)(2) sets forth requirements for the disclosure of expert witnesses and lists information which must be provided in the expert's report.

As an initial matter, despite making general objections that the document requests are overly broad, unduly burdensome and made for the purpose of harassing the witnesses, Defendant has not developed any of these arguments with the specificity necessary under Rule 26. Fed. R. Civ. P. 26. Defendant has only developed its arguments that the documents are not relevant and are outside the scope of information which an expert must provide.

Plaintiff argues that both doctors have relationships with Defendant and have practices as "insurance doctors" which relate to bias as a witness. Plaintiff argues that she seeks categories of documents which she claims are relevant to witness bias, including documents showing financial remuneration. Plaintiff argues that if Defendant is going to present these doctors as "independent" examiners and physicians, then Plaintiff is entitled to explore the witnesses' bias. (Docket no. 27 p. 10 of 13). Plaintiff cites case law to support its position that financial bias is relevant. *See In re Welding Fume Products Liability Litigation*, 534 F.Supp.2d 761, 765-68 (N.D. Ohio 2008) ("simple fairness calls for allowing the plaintiffs to discover possible sources of bias"). The Court finds that Plaintiff may properly request and inquire into the topics and documents identified in Plaintiff's Notices as follows:

  f. "All documents within the past 12 months that show the number of examinations that you have performed at the request of State Farm including the retention letters from State Farm or its attorneys that relate to each examination," **further limited by the Court to the redaction of name, address, social security number and other specific identifying information of the insured and not to include the production of medical information**;

3

    g.    "A copy of all IRS Form 1099's for the past four years that evidence your income from State Farm Insurance for any services provided to State Farm and including related to performing medical examinations or 'utilization' or document reviews," **further limited in that the 1099's may be produced with federal identification, identification and social security numbers redacted;**

    h.    "A copy of all IRS Form 1099's for the past four years that evidence your income from all other insurance companies related to performing medical examinations or 'utilization' or document reviews," **further limited as set forth with respect to sub-part g, above;**

    j.    "All contracts with pharmaceutical companies referencing services provided to them that were in existence for the past year";

    k.    "All contracts or agreements relating to your lecture, or teaching activities within the last four years'" and

    l.    "A copy of IRS Form 1099 or w-2 (2009) for the past year that evidence your income from the State of Michigan,**" further limited as set forth with respect to sub-part g, above.**

The Court again notes that Dr. Kirschner is subject to only sub-parts f, g, and h. (Docket no. 20-3). The Court finds that the documents identified in the Notices of Deposition at sub-parts f-h and j-l are relevant to witness bias and Plaintiff has appropriately and reasonably limited them in scope of time. The Court will deny Defendant's Motion as to sub-parts f-h and j-l.

    Sub-part i asks for "[a]ll documents that show whether you have devoted a majority of your professional time during the year immediately preceding the date of the examination to active

clinical practice." (Docket nos. 20-2, 20-3). Plaintiff argues that this information is both relevant and appropriate and is encompassed by the very opinion which Defendant cites in support of its Motion For a Protective Order. (Docket no. 27 p. 9 of 13, Docket no. 20-4 citing *Ganun v. State Farm Mutual Automobile Ins. Co.,* case no. 09-cv-12966, docket nos. 108, 110). Plaintiff referenced an administrative ruling which would support the provision that the insurer's examiner must meet certain standards, including that he or she "has devoted a majority of his or her professional time, during the year immediately preceding the date of the examination to active clinical practice and/or instruction of students . . . ." Plaintiff, however, provided no citation to what would otherwise be instructive authority on this matter.

The Court finds that sub-part i is reasonably limited in scope to the one-year period preceding the date of the examination and is not overly broad or unduly burdensome. The Court finds that the information sought is relevant to establishing each physician's qualifications and is reasonably likely to lead to admissible information related to potential bias of each physician. Fed. R. Civ. P. 26(a)(2)(B)(iv), and (b)(1). The Court will deny Defendant's Motion for A Protective Order as to the documents sought by sub-part i.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Protective Order Pursuant To F.R.Civ.P. (sic) 26(c) (docket no. 20) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant will make available its experts Dr. Jackson and Dr. Kirschner for deposition within 30 days of entry of this Order. Each of the doctors will produce at the deposition the documents requested by Plaintiff's Notice of Deposition and as set forth above. Each doctor will be prepared to testify as to the documents and topics set forth in each

Notice and testify in response to all additional questions regarding his qualifications to provide expert opinion under Michigan law.  (Docket nos. 21-2, 21-3).

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 22, 2011                     s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: June 22, 2011                     s/ Lisa C. Bartlett
                                         Case Manager