UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN CHAUVIN,

        Plaintiff,                CIVIL ACTION NO.  10-CV-11735

 VS.                                  DISTRICT JUDGE ARTHUR J. TARNOW

STATE FARM MUTUAL       MAGISTRATE JUDGE MONA K. MAJZOUB
AUTOMOBILE INSURANCE
COMPANY,

        Defendant.
                                /

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL MEDICAL HISTORY (DOCKET NO. 22)

This matter comes before the Court on Defendant's Motion To Compel Medical History filed on October 29, 2010.  (Docket no. 22).  Plaintiff filed a Response on November 10, 2010.  (Docket no. 23).  Defendant filed a Reply on November 17, 2010.  (Docket no. 28).  The parties filed a Joint Statement of Unresolved Issues on January 31, 2011.  (Docket no. 58).  The matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 35).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f).  The matter is fully briefed and the motion is ready for ruling.

Plaintiff, the guardian and conservator of Joseph Chauvin, brings this action seeking to recover attendant care benefits pursuant to Michigan's No-Fault Act.  Plaintiff argues that her ward, Joseph Chauvin was insured by Defendant when he was involved in a June 22, 1993 automobile accident in which he sustained injuries.  Plaintiff alleges that Defendant is denying Plaintiff's claims for certain benefits including attendant care benefits.  (Docket no. 1).  Further factual background is set forth in the pleadings of record.

Defendant seeks an order "[c]ompelling the Plaintiff, (sic) to provide answers to Defendant's questions regarding the mental health history of Plaintiff's immediate family members within 14 days, and additionally award Defendant costs and attorney fees so wrongfully incurred in having to file this instant motion." (Docket no. 22). At the request of Defendant, Mr. Chauvin underwent an independent medical examination on December 7, 2009 with Dr. Richard Jackson, M.D., a board certified psychiatrist. (Docket no. 22-2). Defendant alleges that Dr. Jackson asked Defendant to "obtain information regarding Plaintiff's family's history of mental illness including ADD (Attention Deficit Disorder) and ADHD (Attention Deficit Hyperactivity Disorder)." Defendant argues that Plaintiff (Mr. Chauvin's mother) refused to answer these questions and Plaintiff's counsel objected to providing this information.

Defendant argues that the family member's mental health histories are discoverable and relevant pursuant to Fed. R. Civ. P. 26(b)(1) and Fed. R. Evid. 401[1]. A party "may obtain discovery of any nonprivileged matter relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401.

---

[1]Mr. Chauvin's own personal medical history is not at issue in Defendant's motion.

2

In addition to pointing out that Defendant did not seek concurrence in its motion as required by E.D. Mich. LR 7.1, Plaintiff's Response in opposition gives the Court no fewer than four legally supported bases for denying Defendant's Motion. (Docket no. 23). Defendant in its Reply brief did not address the legal arguments and authority cited by Plaintiff.

Despite Defendant's reliance on Fed. R. Civ. P. 26(b)(1), Defendant ignores the Rule 26(b)(1) limitation to "*nonprivileged* matters," and specifically fails to address the physician-patient privilege raised by Plaintiff's response brief. Any of the diagnoses of Mr. Chauvin's sibling(s) of "psychiatric difficulties," ADD or ADHD were by physicians and Plaintiff's knowledge of the same and access to these family histories stems from her position as a parent. Fed. R. Evid. 501 provides that "with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Michigan's physician-patient privilege applies in this diversity action. *See Schuler v. U.S.*, 113 F.R.D. 518, 520-21 (W.D. Mich. 1986); Mich. Comp. Laws Ann. § 600.2157.

As cited in Plaintiff's Response,

> The right to assert the physician-patient privilege is personal to the patient. . . . Although Katie and Kimberly are related to plaintiffs, they are not parties to this action. The existence of a genetic defect may be an issue in this litigation, but Katie and Kimberly (or their representatives) have not placed the health of Katie and Kimberly in controversy. Thus, they have not waived the privilege.

*See Dierickx v. Cottage Hospital Corp.*, 393 N.W.2d 564, 566 (Mich. App. 1986); *see also* MCR 2.314(A) (governing medical information concerning a *party*). There is no allegation or showing that anyone in Mr. Chauvin's family has waived his or her physician-patient privilege in this matter.

3

On this basis alone, Defendant may not discover the information it seeks about Mr. Chauvin's family members' medical histories and diagnoses.

Defendant argues that the Rules of Civil Procedure governing the scope of discovery apply in this matter, rather than the Michigan No-Fault Act, which statute is, Defendant argues, "procedural rather than substantive." (Docket no 22 p. 8-9 of 11). Plaintiff argues in opposition that Michigan's No Fault Act, Mich. Comp. Laws Ann. § 500.3101 et seq., was designed to prevent exactly this kind of discovery and delay in investigating insurance claims. Plaintiff relies on *Muci v. State Farm Mut. Auto. Inc. Co.*, 732 N.W.2d 88 (Mich. 2007), to argue that in this unique area of law, state and federal procedural rules do not control the scope of discovery, and the scope of discovery to which Defendant is entitled is governed by the No-Fault Act.

As Plaintiff points out, this Court's learned Judge Feikens considered *Muci* and the No-Fault Act and recognized that

> [T]he Michigan Supreme Court found that 'the procedures for investigation by the insurer, and the range of available enforcement tools" were "found within the four corners of the act. . . . Under Michigan law, those policy goals, which extend beyond the dispatch of judicial administration, justify the treatment of the discovery provisions as substantive law, supreme over state and federal court rules. . . . Although Muci was concerned with medical examinations, the analysis and holding are applicable to this dispute as well. When considered in the light of Cruz and Muci, I read M.C.L. §§ 500.3158 and 500.3159 to establish limitations on the boundaries of relevant and discoverable information in a no-fault case, and to further provide the means by which insurers may gather that information.

*Watson v. State Farm Mutual Auto Ins. Co.*, 2010 WL 2287148 (E.D. Mich. June 4, 2010).

The No-Fault Act does not contemplate that the insurer is entitled to the medical history of the insured's relations. The medical histories of Mr. Chauvin's family members are outside the scope of relevant and discoverable information allowed under Mich. Comp. Laws Ann. §§ 500.3158(2) ("A physician, clinic, hospital or other institution . . . shall furnish forthwith a written

4

report of the history, condition, treatment and dates and costs of treatment of the *injured* person . . . .") and 500.3159 ("In a dispute regarding an insurer's right to discovery of facts about an *injured* person's earnings or about his history, condition, treatment and dates and costs of treatment, a court may enter an order for the discovery")(emphasis added).

Even if the Court were to consider Defendant's request under the arguably broader auspices of Fed. R. Civ. P. 26(b)(1), Defendant has not established the relevance of Mr. Chauvin's family members' mental health histories. Defendant produced with its Motion an unsigned affidavit of Dr. Jackson[2], in which Dr. Jackson states the following:

> 4. As part of my evaluation of Mr. Chauvin, I was asked by State Farm Mutual Automobile Insurance Company to provide a diagnosis for Mr. Chauvin and conclude whether or not my diagnosis was related to the motor vehicle collision of June 23, 1993[3].
>
> 5. To assist me in my evaluation, I have requested information regarding the diagnoses of ADD and/or ADHD in Mr. Chauvin's family, as these diagnoses are often genetic and run in a family.
>
> 6. Information regarding Mr. Chauvin's family history of ADD, ADHD, and any other psychiatric difficulties is essential in evaluating whether or not Mr. Chauvin's current complaints are related to the June 23, 1993 motor vehicle accident. (Docket nos. 22, 25).

Glaringly absent from Defendant's Motion *and* Dr. Jackson's affidavit is an actual diagnosis that Mr. Chauvin has ADD or ADHD, or another mental condition which is specifically attributable to genetics. Defendant's brief and Dr. Jackson's affidavit are filled with conjecture and speculation. For example, Dr. Jackson states that diagnoses if ADD and/or ADHD "are often genetic and run in

---

[2] The signed affidavit dated November 9, 2010 was filed as an exhibit on November 12, 2010. (Docket no. 25).

[3] The date set forth in Plaintiff's statement of facts is June 22, 1993. (Docket no. 23 p. 8 of 23).

a family." The statement leaves open the obvious alternative, that the diagnoses may not be genetic.

Dr. Jackson's need for a family history is also not supported by the excerpt from Dr. Jackson's December 7, 2009 Report, which predates the affidavit and is cited in Defendant's Motion and Brief. In that excerpt, Dr. Jackson makes no mention of the need for family medical history and directs his comments only to Mr. Chauvin's history. For example, "[t]he history with regard to Mr. Chauvin's early development and functioning would be helpful. . . . Given Ms. Chauvin's motivation to attribute her son's difficulties only to his accident, a review of Mr. Chauvin's early childhood medical records would provide the best source of establishing his pre-accident functioning." (Docket no. 22 p. 4 of 11).

Mr. Chauvin's injury occurred over eighteen years ago. Defendant in 2009 issued the denial at issue in this action for the reasons set forth in its denial letter. Defendant's request to now explore the medical history of siblings and other relations for possible diagnoses is a fishing expedition at best, and is not relevant. Fed. R. Civ. P. 26(b)(1); *see also C.E. Tackels, Inc. v. Fantin,* 67 N.W.2d 71, 74 (Mich. 1954); *J.C. Wyckoff & Associates v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1489 (6th Cir. 1991) (acknowledging that "ordinarily, a denial of liability on specified grounds constitutes a waiver and estoppel of other defenses" and allowing insurer to plead additional counts of fraud where fraud was alleged in the denial letter).

For the reasons set forth above, the Court finds that the information about Mr. Chauvin's family members' medical history is neither discoverable nor relevant to the claims and defenses in this action. Fed. R. Civ. P. 26(b)(1). The Court need not reach Plaintiff's more general argument that the inquiry is a violation of Mr. Chauvin's family members' rights to privacy.

The Court will deny Defendant's request for costs and attorneys fees. The Court will also address by a separate Order To Show Cause Defendant's legally unsupported motion and Defendant's failure to address in its Reply the relevant legal authority cited in Plaintiff's Response brief in opposition. The Court will move of its own initiative pursuant to Fed. R. Civ. P. 11(c)(3)[4] to order Defendant's counsel to Show Cause why they are not in violation of Fed. R. Civ. P. 11(b).

**IT IS THEREFORE ORDERED** that Defendant's Motion To Compel Medical History (docket no. 22) is **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 29, 2011                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: June 29, 2011                    s/ Lisa C. Bartlett
                                        Case Manager

---

[4] Plaintiff asked for sanctions in her Response brief, but Plaintiff has not properly raised and noticed the issue pursuant to Fed. R. Civ. P. 11(c)(2).