**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**KATHLEEN CHAUVIN,**

      **Plaintiff,**                    **CIVIL ACTION NO.  10-CV-11735**

  **VS.**                                  **DISTRICT JUDGE ARTHUR J. TARNOW**

**STATE FARM MUTUAL**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**AUTOMOBILE INSURANCE
COMPANY,**

      **Defendant.**

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL AN
INDEPENDENT MEDICAL EXAMINATION WITH DR. KENNETH ADAMS
(DOCKET NO. 30)**

This matter comes before the Court on Defendant's Motion To Compel An Independent Medical Examination With Dr. Kenneth Adams & Brief In Support filed on November 18, 2010. (Docket no. 30).  Plaintiff filed a Response on December 2, 2010.  (Docket no. 37).  Defendant filed a Reply on December 10, 2010.  (Docket no. 41).  The parties filed a Joint Statement of Unresolved Issues on January 31, 2011.  (Docket no. 60).  The matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 35).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f).  The matter is fully briefed and the motion is ready for ruling.

Plaintiff, the guardian and conservator of Joseph Chauvin, brings this action seeking to recover attendant care benefits pursuant to Michigan's No-Fault Act.  Plaintiff argues that her ward, Joseph Chauvin was insured by Defendant when he was involved in a June 22, 1993 automobile accident in which he sustained injuries.  Plaintiff alleges that Defendant is denying Plaintiff's claims

for certain benefits including attendant care benefits. (Docket no. 1). Further factual background is set forth in the pleadings of record.

Defendant seeks an order "[c]ompelling Joseph Chauvin to appear for independent medical examinations at a time and date convenient for the parties and unconditioned by Plaintiff's counsel." (Docket no. 30).

Defendant alleges that it identified Kenneth Adams, Ph.D., to perform a third independent medical examination of Mr. Chauvin and scheduled several dates for examination in October 2010 before the parties were able to agree on a November 3, 2010 evaluation. (Docket no. 30). Defendant alleges that Mr. Chauvin was agitated on the morning of the evaluation and although Mr. Chauvin appeared, was unable to undergo the testing and evaluation. (Docket no. 30). Defendant alleges that Plaintiff's counsel has informed him that Mr. Chauvin will not participate in an examination by Dr. Adams.

Plaintiff argues that Defendant has already had one neuropsychological examination by Dr. Thomas Gola, a medical practitioner chosen by Defendant, who issued a report dated July 17, 2008 and upon which Defendant based its denial of attendant care benefits. (Docket no. 37). Plaintiff also argues that Mr. Chauvin next underwent a psychiatric examination with Dr. Richard Jackson, an examining physician of Defendant's choosing. (Docket no. 37). Plaintiff alleges that despite Mr. Chauvin attempting to cooperate with Defendant's third examiner Dr. Adams, Mr. Chauvin "became very upset at the examination, especially after the unprofessional way that he was treated following Dr. Jackson's examination and it was impossible for this examination to go forward." (Docket no. 37 p. 8 of 15).

Defendant correctly argues that Mr. Chauvin's mental and physical condition is in controversy in this action. (Docket no. 30 ¶¶ 2-4). It is well settled under the Federal Rules of Civil Procedure that when a party's mental or physical condition is in controversy, the court may order the party "to submit to a physical or mental examination by a suitably licensed or certified examiner" and the "court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control." Fed. R. Civ. P. 35(a)(1). Michigan's No-Fault Statute, Mich. Comp. Laws § 500.3151 provides that

> When the mental or physical condition of a person is material to a claim that has been or may be made for past or future personal protection insurance benefits, the person shall submit to mental or physical examination by physicians. A personal protection insurer may include reasonable provisions in a personal protection insurance policy for mental and physical examination of persons claiming personal protection insurance benefits. Mich. Comp. Laws. Ann. § 500.3151.

Michigan's No-Fault Statute controls on this issue. *See Muci v. State Farm Mutual Automobile Ins. Co.*, 732 N.W.2d 88, 95 (Mich. 2007); *see also Watson v. v. State Farm Mutual Auto Ins. Co.*, 2010 WL 2287148 (E.D. Mich. June 4, 2010).

It is undisputed that Mr. Chauvin has already undergone a psychological evaluation with Thomas Gola, Ph.D., in 2008 at Defendant's request. Defendant alleges that Dr. Gola "now refuses to participate in this litigation due to the Chauvin's antics in the *Armisted* case," an earlier case before this Court. Defendant also alleges the second neuropsychological evaluation is necessary because Dr. Gola has no knowledge of Mr. Chauvin's "current level of functioning," to determine the "specific condition and needs of the Plaintiff," and because the 2008 evaluation precedes the time frame in dispute in this action. (Docket no. 41 p. 2 of 5).

3

The Court finds that Defendant has already obtained the very examinations to which it is entitled pursuant to Mich. Comp. Laws Ann. section 500.3151[1]. As Plaintiff shows in her Response brief, Dr. Gola's report of July 17, 2008 was one of the bases for the October 10, 2008 denial of Attendant Care benefits "from a neuropsychological perspective based on the Michigan No Fault Statue (sic), Section 500.3107, as not reasonable and necessary." (Docket no. 37-2). This is the denial of attendant care benefits at issue in the present action. Defendant is not without recourse for calling Dr. Gola to testify in this matter.

Pursuant to Michigan's No-Fault Act, "A court, in order to protect against annoyance, embarrassment or oppression, as justice requires, may enter an order refusing discovery or specifying conditions of discovery and may order payments of costs and expenses of the proceeding, including reasonable fees for the appearance of attorneys at the proceedings, as justice requires." Mich. Comp. Laws Ann. § 500.3159.

As Defendant points out in its brief, *Muci* holds that section 500.3159 applies to medical examinations under the No-Fault Act. (Docket no. 30 p. 10 of 12).

> Physicians are presumed to be bound by the methodologies of their profession and by principles of professional integrity. Only with demonstrable evidence that the discovery order or medical examination will cause the claimant annoyance, embarrassment, or oppression can a claimant rebut this presumption. Until this presumption is rebutted, a court may not impose conditions on an examination under § 3159.

*Muci*, 732 N.W.2d 88, 96 (Mich. 2007).

---

[1]On December 7, 2009 Mr. Chauvin underwent and completed an independent medical examination at Defendant's request with Richard Jackson, M.D., psychiatrist, as set forth in Defendant's Motion To Compel Medical History. (Docket nos. 22, 22-2 ¶ 3).

Plaintiff provided a November 19, 2010 opinion by Mr. Chauvin's treating neuropsychologist Walter L. Sobota, Ph.D., in which Dr. Sobota opined that, based on his own examination and a history of difficulty at and following independent medical examinations in the past, Mr. Chauvin "may be too unstable emotionally at this point in time to be validly tested with standardized psychological tests" and that "[a]lthough one cannot predict violence, I believe that there is a high probability that he could regress further if he continues to feel that he is being arbitrarily forced to undergo a stressful examination, a situation over which he has no control.  He could be unpredictable, and potentially dangerous to himself and others.  This possibility should be considered by all parties concerned."  (Docket no. 37-3).

The Court finds that in this instance, this second examination sought by Defendants will, at the least, cause "annoyance" and has a high probability of causing further regression of Mr. Chauvin and resulting in danger to Mr. Chauvin or others.  Justice requires the Court to deny Defendant's Motion (docket no. 30) in order to protect against both the annoyance and oppression of Mr. Chauvin.  *See* Mich. Comp. Laws Ann. § 500.3159.

The Court will not award attorneys fees and expenses in this matter.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Compel An Independent Medical Examination With Dr. Kenneth Adams (docket no. 30) is **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 30, 2011            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: June 30, 2011            s/ Lisa C. Bartlett
                                Case Manager