UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN CHAUVIN,

        Plaintiff,         CIVIL ACTION NO. 10-CV-11735

  VS.         DISTRICT JUDGE ARTHUR J. TARNOW

STATE FARM MUTUAL         MAGISTRATE JUDGE MONA K. MAJZOUB
AUTOMOBILE INSURANCE
COMPANY,

        Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL MORE SPECIFIC ANSWERS TO PLAINTIFF'S LAY AND EXPERT WITNESS INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS (DOCKET NO. 44)

This matter comes before the Court on Plaintiff's Motion To Compel More Specific Answers To Plaintiff's Lay And Expert Witness Interrogatories And Request For Production Of Documents filed on December 22, 2010. (Docket no. 44). Defendant filed a Response on January 11, 2011. (Docket no. 46). The parties filed a Joint Statement of Unresolved Issues on January 31, 2011. (Docket no. 61). The matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 45). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The matter is fully briefed and the motion is ready for ruling.

Plaintiff, the guardian and conservator of Joseph Chauvin, brings this action seeking to recover attendant care benefits pursuant to Michigan's No-Fault Act. Plaintiff argues that her ward, Joseph Chauvin was insured by Defendant when he was involved in a June 22, 1993 automobile accident in which he sustained injuries. Plaintiff alleges that Defendant is denying Plaintiff's claims

for certain benefits including attendant care benefits. (Docket no. 1). Further factual background is set forth in the pleadings of record.

Plaintiff served Lay and Expert Witness Interrogatories And Request To Produce Documents To Defendant on October 13, 2010. Defendant served responses on November 12, 2010. (Docket no. 44). Plaintiff argues that Defendant did not produce the requested information and provided "meritless objections" and references to Defendant's Rule 26 Disclosures as being sufficient to answer and respond. (Docket no. 44). At issue are Plaintiff's Interrogatory Nos. 1 and 2. (Docket no. 44).

The deadline for all pretrial motions in this matter was December 3, 2010. (Docket no. 6). Plaintiff untimely filed this motion on December 22, 2010. Plaintiff's Interrogatory no. 2 improperly contains requests for production of documents, despite being captioned as an "interrogatory." Fed. R. Civ. P. 33.

Finally, E.D. Mich. Local Rule 37.2 requires that

> Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion. E.D. Mich. LR 37.2.

Plaintiff has included a verbatim recitation of only Interrogatory No. 2. Interrogatory No. 1 is referenced in Plaintiff's motion, however, does not appear to be a verbatim recitation of the interrogatory. Further, Plaintiff has not included verbatim recitations of Defendant's answers, despite citing portions of the answers and objections. Plaintiff's Motion references an "Exhibit 1"

that does not appear on the docket with Plaintiff's Motion[1]. Without a verbatim recitation of Defendant's answers and objections the Court cannot determine the sufficiency of the same.

The Court notes that most of the information requested in Plaintiff's Interrogatory No. 1 related to lay witnesses and Interrogatory No. 2 related to expert witnesses is required to be produced by each party pursuant to Fed. R. Civ. P. 26(a)[2]. The Court's ruling herein does not affect the requirement that Defendant timely disclose and produce information pursuant to Fed. R. Civ. P. 26(a).

The Court will not award attorneys fees and expenses in this matter. Fed. R. Civ. P. 37(a)(5)(iii).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Compel More Specific Answers To Plaintiff's Lay And Expert Witness Interrogatories And Request For Production Of Documents (docket no. 44) is **DENIED.**

---

[1] Providing the Exhibit at this juncture would not remedy the untimeliness of Plaintiff's Motion.

[2] The Court also notes that to the extent Plaintiff states that Defendant has objected to the production of witnesses' financial information in response to Interrogatory No. 2, this request as to certain of Defendant's witnesses was already addressed in the Court's Opinion And Order Denying Defendant's Motion For A Protective Order Pursuant To F.R.Civ.P. (Sic) 26(c). (Docket no. 73). The amount of compensation paid to witnesses in the action at bar is required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(B)(vi).

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 1, 2011                             s/ Mona K. Majzoub
                                                MONA K. MAJZOUB
                                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: July 1, 2011                             s/ Lisa C. Bartlett
                                                Case Manager