UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KATHLEEN CHAUVIN, as Guardian and Conservator or JOSEPH CHAUVIN, a legally incapacitated person,<br><br>　　　　　Plaintiff,<br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation<br><br>　　　　　Defendant.<br>_____/ | Case No.  10-11735<br><br>HONORABLE ARTHUR J. TARNOW<br>SENIOR UNITED STATES DISTRICT JUDGE<br><br>HONORABLE MONA K. MAJZOUB<br>UNITED STATES MAGISTRATE JUDGE |

**ORDER OVERRULING DEFENDANT'S OBJECTION [80]**

Now before the Court is Defendant's Objection [80] to the Magistrate Judge's Order [72] denying Defendant's Motion to Compel [19] and Awarding Costs.

Defendant seeks to compel the production of Plaintiff's email address and Facebook password. The Magistrate Judge denied Defendant's Motion to Compel [19] by Order [72] and also Awarded costs to Plaintiff. Defendant brings its objection arguing 1) that Plaintiff should be compelled to produce the requested discovery and 2) that the award of costs was contrary to law. Plaintiff filed a Response [84] to Defendant's objection. For the reasons stated below, Defendant's Objection [80] is overruled.

The standard of review set forth in Federal Rule of Civil Procedure 72(a) governs this nondispositive matter. Fed. R. Civ. P. 72(a). Pursuant to that rule, "The district judge in the case must consider timely objections and modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law." *Id.*

Under 28 U.S.C. § 636(b)(1), a magistrate judge's orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *See United States v. Curtis*, 237 F.3d 598,

603 (6th Cir. 2001). The "clearly erroneous" standard requires the Court to affirm the Magistrate's decision unless, after reviewing the entirety of the evidence, it "is left with the definite and firm conviction that a mistake has been committed." *See Sandles v. U.S. Marshal's Serv.*, 2007 WL 4374077, 1 (E.D. Mich. 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Court has reviewed the entire record and sees no basis for granting Defendant the discovery it seeks. The Magistrate Judge did not err in determining that the discovery requested is "available to Defendant through less intrusive, less annoying and less speculative means than this" even if it were deemed relevant. Order [72], at 4. There is no indication that granting access to Plaintiff's private Facebook account would be "reasonably calculated" to lead to discovery of admissible information. The Magistrate Judge's decision was not clearly erroneous or contrary to the law.

Defendant also argues that the Magistrate Judge erred by awarding costs to Plaintiff. Whether and to what extent discovery sanctions are warranted are for the court to decide in its discretion. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976); *Harmon v. CSX Trans., Inc.*, 110 F.3d 364, 366 (6th Cir. 1997). An abuse of discretion exists if a decision is based on an erroneous conclusion of law, the findings are clearly erroneous, or the decision is clearly unreasonable, arbitrary or fanciful. *Youn. v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003).

Defendant argues that since other judges have allowed discovery of the same kind that the award of costs was unwarranted. Defendant's argument, however, is not grounds for reversing the Magistrate Judge's order. An award of sanctions is discretionary. Defendant has not shown that the Magistrate Judge abused her discretion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Objection [80] is **OVERRULED**.

**SO ORDERED**.

                                         s/Arthur J. Tarnow
                                         ARTHUR J. TARNOW
                                         SENIOR UNITED STATES DISTRICT JUDGE

Dated: October 20, 2011

_____

### CERTIFICATE OF SERVICE

I hereby certify on October 20, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 20, 2011: **None**.

                                         s/Michael E. Lang
                                         Deputy Clerk to
                                         District Judge Arthur J. Tarnow
                                         (313) 234-5182